UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MAAYAN GROSS,                                            Docket No.: 19-CV-3200

                Plaintiff,                            **COMPLAINT**

           -against-                                     **Jury Trial Demanded**

MAGEN DAVID YESHIVAH,

                Defendant.
------------------------------------------------------------------X

        Plaintiff, MAAYAN GROSS, by and through her attorneys, RICOTTA & MARKS, P.C., complaining of the Defendant herein, alleges, upon knowledge as to herself and her own actions, and upon information and belief as to all other matters:

## JURISDICTION AND VENUE

1. This action is brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq.*, the New York City Administrative Code, and any other causes of action which can be inferred from the facts set forth herein.

2. The jurisdiction of this Court is invoked under 28 U.S.C. §1331, the doctrine of pendent jurisdiction and the aforementioned statutory and constitutional provisions.

3. Venue is proper pursuant to 28 U.S.C. §1391.

4. A charge of discrimination has been duly filed with the Equal Employment Opportunity Commission ("EEOC"). A Right to Sue letter, dated March 1, 2019

1

was received on or about March 4, 2019. This complaint is filed within ninety (90) days of receipt of same.

## PARTIES

5. Plaintiff, Maayan Gross ("Gross" or "Plaintiff") was, at all relevant times, a resident of Nassau County, State of New York.

6. Defendant, Magen David Yeshivah ("Magen David" or "Defendant") was and is a religious and educational institution with a principal place of business at 2130 McDonald Avenue, Brooklyn, New York 11223.

## FACTS

7. Maayan Gross ("Maayan") is a female who is married to Bentzi Gross ("Bentzi"). The two had a child that was born November 1, 2017.

8. Bentzi began his employment for Respondent on March 1, 2016 as a Hebrew teacher.

9. On September 7, 2016, Maayan also began working for Respondent as a Hebrew teacher.

10. Throughout the course of their employment with Respondent, Respondent was aware of the marital status of Bentzi and Maayan.

11. In 2017, Maayan became pregnant. Bentzi and Maayan notified Respondent of this fact, and the fact that Maayan would require a maternity leave in late 2017.

12. Bentzi and Maayan provided all appropriate information and documentation, and Maayan ultimately went on a maternity leave on November 1, 2017 as a result of her giving birth to their child.

13. Prior to Maayan's taking maternity leave and having a child, both Bentzi and Maayan were employees in good standing, having received nothing but positive feedback regarding their job performance.

14. Bentzi even received a promotion to Co-Department Head of the Hebrew Department.

15. However, after Maayan went out on leave, Bentzi's supervisor, Rabbi Richard Tobias ("Rabbi Tobias") has become hostile toward Bentzi and Maayan, seeking Maayan to perform work while on leave, griping about having to cover for Maayan during her leave, and fabricating issues with their performance that did not exist prior to their having a child.

16. Moreover, on March 7, 2018, Rabbi Tobias verbalized his animus toward both Bentzi and Maayan due to their marital status and familial status, in terminating their employment, alleging that they were being terminated, in part, due to their marital status, as he did not want to run the risk that if one left, the other would follow because of their marital status. Rabi Tobias also voiced animus due to Maayan having to take maternity leave in that conversation.

3

17. As a result of the above discriminatory conduct, Bentzi and Maayan were terminated from their employment at the end of the 2017/18 school year. This termination was motivated, at least in part, by Maayan's pregnancy, as well as their marital and familial status, and as such, constitutes an unlawful adverse action.

18. The aforementioned conduct has impacted Maayan's terms and conditions of employment, caused Alexander to suffer financial damages, including lost pay, as well as emotional damages and physical manifestations of same.

### AS A FIRST AND CAUSE OF ACTION
### FOR DISCRIMINATION UNDER FEDERAL, STATE, AND CITY LAW

19. Plaintiff repeats, reiterates, and realleges each and every allegation in the above paragraphs of this complaint.

20. Plaintiff has been subjected to adverse employment actions, as well as an atmosphere of adverse employment actions, including the termination of her employment and denial of continued employment, based on her pregnancy, familial status, and marital status. Defendant Magen David's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000-e, *et seq*, the New York State Human Rights Law, New York State Executive Law §290, *et seq*, and the New York City Human Rights Law, New York City Administrative Code, Title 8.

21. By reason of Defendant's violation of Plaintiff's rights, Plaintiff has suffered a loss of monetary benefits associated with her employment in addition to suffering physical, emotional, and other damages. Plaintiff is also entitled to all forms of

equitable relief, which may alleviate and/or redress the unlawful activities described above.

WHEREFORE, Plaintiff demands judgment against defendant for all compensatory, emotional, physical, and punitive damages lost pay, front pay, injunctive relief, reinstatement, and any other damages permitted by law. It is further requested that this Court grant reasonable attorneys' fees and the costs and disbursements of this action and any other relief to which Plaintiff is entitled. Plaintiff demands a trial by jury.

Dated: Long Island City, New York
      May 28, 2019

                              RICOTTA & MARKS, P.C.
                              *Attorneys for Plaintiff*
                              31-10 37th Avenue, Suite 401
                              Long Island City, NY 11101
                              (347) 464-8694

                              _____
                              Thomas Ricotta